NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEE OTIS BARNETT, III,**
*Petitioner,*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2012-3189

---

Appeal from the Merit Systems Protection Board in No. DC0432120392-I-1.

---

Decided: February 12, 2013

---

LEE OTIS BARNETT, III, of Raleigh, North Carolina, pro se.

A. BONDURANT ELEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director.

---

Before MOORE, MAYER, and WALLACH, *Circuit Judges*.

PER CURIAM.

Lee Otis Barnett III appeals a final decision of the Merit Systems Protection Board ("board") sustaining his removal from his position with the Department of Veterans Affairs ("VA") for unacceptable performance. *See Barnett v. Dep't of Veterans Affairs*, No. DC-0432-12-0392-I-1, 2012 MSPB LEXIS 4314 (July 17, 2012) ("*Board Decision*"). We *affirm*.

I.

Barnett was employed by the VA as a GS-2005-06 supply technician. His responsibilities included maintaining supply inventories, contacting vendors, confirming deliveries, and providing effective customer service. Barnett was informed that the four critical elements of his position were: (1) customer service/team relations; (2) requirements analysis/inventory management; (3) budget management and contract compliance; and (4) socioeconomic goals. In May 2011, Dawn Bauknight, Barnett's first-line supervisor, gave him a progress review report which indicated that he needed improvement in both the customer service/team relations and the requirements analysis/inventory management critical elements.

In July 2011, the VA placed Barnett on a 90-day performance improvement plan ("PIP"). In documentation issued in connection with the PIP, the VA provided examples of Barnett's performance deficiencies and identified a program designed to help him improve his performance. This improvement program included additional training as well as weekly meetings with Bauknight. During the PIP, Barnett also met repeatedly with his second-line supervisor, Deborah Murray, who discussed specific performance issues with him and helped him to devise strategies "so that he could understand how to

avoid making the same mistake[s] moving forward." *Id.* at *18.

By letter dated January 12, 2012, the VA informed Barnett that it proposed to remove him for unsatisfactory performance because he had failed to improve his performance in the customer service/team relations critical element. The letter stated that Barnett had failed to place orders for supplies that had been requested by VA personnel, failed to respond in a timely manner to emails related to supplies, and had told Bauknight that certain medical supplies were on back order when they were not, in fact, on back order. Barnett was removed from his position effective March 19, 2012.

Barnett appealed to the board, arguing that he had been improperly removed and that the VA had failed to accommodate his disabling medical condition. On May 30, 2012, an administrative judge held a hearing at which seven witnesses testified. The judge subsequently issued an initial decision sustaining Barnett's removal and concluding that the VA had established by substantial evidence that Barnett's performance had been deficient in at least one critical element of his position. *Id.* at *6-7. The judge rejected Barnett's claims of disability discrimination, noting that he had "completely failed to prove that he [was] disabled within the meaning of the [Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213]." *Board Decision*, 2012 MSPB LEXIS 4314, at *51. Indeed, "based on the medical evidence submitted" by Barnett, the administrative judge was "unable to discern the nature of his alleged disabling medical condition." *Id.*

Because Barnett elected not to appeal the administrative judge's decision to the full board, that decision became the final decision of the board on August 21, 2012. Barnett then appealed to this court.

## II.

Our review of a decision of the board is limited by statute. We may set aside a board decision only if it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McEntee v. Merit Sys. Prot. Bd.,* 404 F.3d 1320, 1325 (Fed. Cir. 2005) (citations and internal quotation marks omitted).

An agency has authority to "reduce in grade or remove an employee for receiving a rating of 'unacceptable' with respect to even a single 'critical element'" of his position. *Lovshin v. Dep't of the Navy*, 767 F.2d 826, 834 (Fed. Cir. 1985) (en banc) (emphasis omitted); *see* 5 U.S.C. § 4301(3). When reviewing performance-based actions, this court must give "deference to the judgment by each agency of the employee's performance in light of the agency's assessment of its own personnel needs and standards." *Lisiecki v. Merit Sys. Prot. Bd.*, 769 F.2d 1558, 1564 (Fed. Cir. 1985) (citations and internal quotation marks omitted).

As the board correctly concluded, the VA presented persuasive evidence demonstrating that Barnett's performance was deficient in the customer service/team relations critical element of his position. Notwithstanding the fact that his supervisors provided him with guidance and training during his 90-day PIP, Barnett's performance remained unacceptable in that critical element. At the hearing before the administrative judge, the VA introduced both testimony and documentary evidence showing that Barnett failed to maintain an adequate inventory of essential medical supplies, failed to respond to emails related to supplies in a timely manner, and sent

an email stating that certain operating room supplies were on back order when they were not actually on back order. Bauknight testified that Barnett failed to maintain proper records regarding the receipt of inventory supplies, and that a scheduled surgery had to be cancelled because Barnett had failed to maintain adequate inventory levels. *Board Decision*, 2012 MSPB LEXIS 4314, at *29-30. In light of this evidence, the administrative judge did not err in sustaining the VA's determination that Barnett's performance was deficient in a critical element of his position. *See Hall v. Dep't of the Treasury*, 264 F.3d 1050, 1060 (Fed. Cir. 2001) ("[T]he evaluation of and weight to be given to . . . [the] evidence in the record are judgment calls that rest primarily within the discretion of the Board.").

At his hearing before the administrative judge, Barnett did not testify and did not otherwise refute the VA's evidence showing that his performance had been unsatisfactory. He did, however, call several witnesses to support his claim that the deficiencies in his performance were due to an unmanageable workload. Barnett also introduced an email from Jamal Brockington, the supply technician who assumed Barnett's duties after his removal. Brockington stated that he could not "seem to get ahead on all [the] orders," and that it was "almost impossible to keep up with everything." *Board Decision*, 2012 MSPB LEXIS 4314, at *42. The administrative judge acknowledged that such evidence indicated that Barnett's position was "challenging and demanding," but noted that the VA had also produced evidence showing "that [Barnett's] duties were not impossible or unattainable." *Id.* at *43. Both Bauknight and Murray testified "that they were familiar with [Barnett's] workload and duties and they believed that the workload was, in fact, manageable." *Id.* The administrative judge found the testimony of Bauknight and Murray to be credible, *id.*, and we see no basis for disturbing this credibility determination on

appeal. As an appellate court, we may not set aside an administrative judge's credibility determinations unless we find them to be "inherently improbable or discredited by undisputed fact." *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002) (citations and internal quotation marks omitted).

We have considered the additional arguments presented in Barnett's informal appeal brief but do not find them persuasive. Accordingly, we affirm the board's decision sustaining Barnett's removal.

**AFFIRMED**